DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Criminal No. 2017-23 |
|  | ) |  |
| TROY TITLEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
**Christian Andrew Fisanick, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**Carl R. Williams**
Smith, Williams, PLLC
St. Thomas, VI
    *For defendant Troy Titley.*

## ORDER

Before the Court is the motion of the United States to strike all *pro se* motions of Troy Titley.

On March 25, 2017, there was an attempted robbery in a McDonald's restaurant in Lockhart Gardens shopping center, which is located in St. Thomas, United States Virgin Islands. During the robbery, several armed young men entered the restaurant. The young men, armed with firearms, attempted to rob the restaurant. Members of The Virgin Islands Police Department ("VIPD")

promptly arrived on the scene. The would be robbers were trapped inside the restaurant. One robber attempted to flee. One robber grabbed a customer or employee and held the employee at gunpoint. That robber subsequently killed himself by firing a gun at his own head. One robber was subdued by employees/customers inside the restaurant.

On May 18, 2017, the grand jury indicted Hanselo Joseph Feliz Recio, Betel Augusto Rosario Paulino, Helwood Paris, Junior Antonio Feliz, and Troy Titley ("Titley"). Titley was charged with Hobbs Act Robbery, Conspiracy to Commit Hobbs Act Robbery, Possession of a Firearm in Furtherance of a Crime of Violence, Conspiracy to Possess a Firearm in Furtherance of a Crime of Violence, Robbery in the First Degree, Using an Unlicensed Firearm During the Commission of a Robbery, Possession of an Unlicensed Firearm in a Public Housing Zone, and Conspiracy. On May 19, 2017, attorney Carl R. Williams was appointed by the Court to serve as Titley's counsel in this matter.

On July 17, 2017, and July 19, 2017, Titley filed a series of motions in a *pro se* capacity. Titley filed: a motion to dismiss the indictment; a motion to sever; and, a motion labeled as "Defendant's Motion for Grand Jury Challenge With Points and [Authorities]" (Titley's several motions filed without his

counsel are referred to herein as "the *pro se* motions"). The United States now moves to strike the *pro se* motions.

In *United States v. D'Amario*, 268 F. App'x 179 (3d Cir. 2008), the Third Circuit addressed the *pro se* filings of a represented party. In *D'Amario*, a jury in New Jersey found Arthur D'Amario ("D'Amario") guilty of threatening to murder a United States Judge. *See id.* at 179. D'Amario's attorney filed various motions after the trial. *See id.* One of the motions sought a new trial under Federal Rule of Criminal Procedure 33 ("Rule 33"). *See id.* D'Amario submitted several *pro se* documents that included motions and letters. *See id.* The district court denied the *pro se* motions and twice ordered D'Amario to cease filing further *pro se* motions. *See id.* The Rule 33 motion filed by D'Amario's counsel was also denied. *See id.*

After sentencing, D'Amario filed a second *pro se* Rule 33 motion. *See id.* at 180. The district court again denied the motion. *See id.* The Court reasoned that D'Amario was represented by counsel and as such D'Amario was not entitled to file such motions. *See id.* D'Amario filed *pro se* motions seeking his release pending resolution of his Rule 33 motion and for leave to file another Rule 33 motion. *See id.* The district court denied the motions without considering their merits. *See id.* D'Amario filed several additional *pro se* motions including a

motion to assign new counsel in Colorado. *See id.* The district court denied the motions and ordered that D'Amario cease filing *pro se* motions. *See id.* The district court explained that it "would consider motions filed by counsel only." *Id.*

On appeal, the Third Circuit affirmed the district court's denials of the *pro se* motions. *See id.* The Third Circuit explained that "[t]he Constitution does not confer a right to proceed simultaneously by counsel and *pro se,* and the District Court was not obligated to consider D'Amario's *pro se* motions in light of his being represented by counsel on direct appeal." *Id.; see also United States v. D'Amario*, 328 F. App'x 763, 765 (3d Cir. 2009)(citing *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984), and explaining that "[i]n disposing of these appeals, we remind D'Amario that there is no constitutional right to hybrid representation. Thus, a district court is not obligated to consider pro se motions by represented litigants.").

Here, the record clearly reflects that Titley has been represented by counsel at all material times since the commencement of this action, including when he filed his *pro se* motions. Consistent with *D'Amario*, this Court is disinclined to consider Titley's *pro se* motions or otherwise validate the hybrid representation suggested by Titley's *pro se* filings. As such, the Court will strike the *pro se* motions.

The premises considered, it is hereby

**ORDERED** that the United States' motion[204] to strike Troy Titley's motion to dismiss[178], motion to sever[184], and Motion for Grand Jury Challenge[185] is **GRANTED;** and it is further

**ORDERED** that the motions of Troy Titley to dismiss[178], motion to sever[184], and Motion for Grand Jury Challenge[185] are hereby **STRICKEN.**

                                                      **S\_____**
                                                        **Curtis V. Gómez**
                                                        **District Judge**